IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KENNETH CAMERON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| UNITED PARCEL SERVICE; and ) | JURY TRIAL DEMANDED |
| TEAMSTERS LOCAL UNION 519, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. This is a suit authorized and instituted pursuant to 42 U.S.C. § 2000e, et seq., known as Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); 42 U.S.C. § 1981; 42 U.S.C. § 12101, et seq., known as Title I of the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act ("ADEA"); and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101, et seq.

## JURISDICTION

2. This Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, as this civil action arises under the laws of the United States cited above. This Court also has jurisdiction, pursuant to 28 U.S.C. § 1343(a), as this civil action seeks to secure the protection of, and to redress the deprivation of, rights secured by the federal and state anti-discrimination laws, providing for injunctive and other relief against age, disability, and racial discrimination.

## VENUE

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391, as all or a substantial part of the events or omissions giving rise to the claims occurred in Hamilton County, Tennessee located within this judicial district.

4. Plaintiff Kenneth Cameron has fulfilled all conditions precedent to the institution of this action, as required by the cited statutes.

## STATEMENT OF THE PARTIES

5. Plaintiff, Kenneth Cameron, is an African-American male over the age of nineteen (19) years and a citizen of the State of Tennessee. At all times relevant to this Complaint, Plaintiff was an employee or former employee of Defendant United Parcel Service ("UPS") and a member of Defendant Teamsters Local Union 519 ("Union" or "Local 519").

6. Defendant UPS is an entity subject to suit under the ADA, 42 U.S.C. § 12111(5). Defendant UPS is an employer that engages in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. Defendant UPS is an entity subject to suit under Title VII, 42 U.S.C. § 1981, the ADEA, and the THRA. Concerning the ADEA, Defendant UPS is an employer that engages in an industry affecting commerce and has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

7. Defendant Local 519 is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5) and is subject to suit under Title VII, 42 U.S.C. § 1981, the ADEA, and the THRA. Employment at Defendant UPS facility in Chattanooga is governed by a Collective Bargaining Agreement between UPS and the Union.

## STATEMENT OF THE FACTS

8. On or around April 12, 2019, Plaintiff brought an action against UPS and Local 519, alleging race, disability, and age discrimination and retaliation. *See Cameron v. UPS, et al.*, Civil Action No. 1:18-cv-00310-TRM-SKL.

9. On or around June 28, 2021, the lawsuit was resolved. *See id.* One of the conditions of the resolution was for Defendant UPS to "offer Plaintiff the first available full-time Car Wash position at the Chattanooga facility as an accommodation."[1]

10. However, from the point of resolution to the filing of this Complaint, Plaintiff has been subjected to continual retaliation by Defendant UPS who has failed to place Plaintiff back to work in the first full-time position made available at the Car Wash. Indeed, Defendant's retaliation is based on Plaintiff's engagement in protected activity when he filed and pursued his rights through his initial lawsuit against Defendants. *See supra.* Defendant's retaliation is ongoing and continual each day Plaintiff has been without employment since Defendant's first available Car Wash position was not offered to him.

11. More specifically, upon information and belief, at least one (1) full-time Car Wash position, and likely many more, became available within the Car Wash Department over the past two (2) years. However, UPS never offered Plaintiff any full-time Car Wash position, despite Plaintiff's continual requests to be placed back to work. Upon information and belief, full-time Car Wash positions were in fact offered to individuals who did not engage in protected activity and who were outside of his protected classes (Disabled, Age and Race).

12. Additionally, Local 519 was not only aware that Plaintiff was supposed to be offered the position, but it was also a party to the settlement agreement wherein it stated that

---

[1] Pursuant to Section 3(i) of the Settlement Agreement, Plaintiff is only disclosing what is legally necessary to enforce the Agreement.

Plaintiff was to be offered "the first available full-time Car Wash position at the Chattanooga facility as an accommodation." As such, on or around August 31, 2022, Plaintiff filed a grievance with Local 519, explaining that he has not been called to return to work since June 28, 2021, despite being fully able to do so. However, after receiving Plaintiff's grievance, Local 519 failed to process it and take any action on it. Such inaction is in direct violation of both the Collective Bargaining Agreement between UPS and Local 519 and § 8(b)(1)(A) of the National Labor Relations Act.

13. Interestingly though, on or around April 18, 2023—nine (9) days before his deadline to file this Complaint—Defendants finally presented an offer to Plaintiff. This job would consist of cleaning out trailers, lifting pallets and lining feeder trailers, in addition to standard car wash responsibilities. Moreover, Plaintiff would be required to work from 12:00 a.m. to 8:30 a.m. five (5) consecutive days a week.[2]

14. However, the twenty-two (22) months it took for Defendant to offer the "first available" position in the Car Wash Department to Plaintiff was not only a breach of the settlement agreement but was also retaliatory and caused Plaintiff harm from being without work or steady income for almost two (2) years.

15. Defendants' failure to place Plaintiff back to work when an applicable position first opened was an act of retaliation, due to Plaintiff's engaging in protected activity by filing a prior lawsuit against Defendants. As such, each day that Plaintiff is not employed in that position cultivates acts of ongoing retaliation.

16. Additionally, Defendants' acts of placing individuals outside of Plaintiff's protected classes into full-time Car Wash positions were acts of discrimination.

---

[2] As of the filing of this Complaint, Plaintiff has neither accepted nor rejected the April 23rd offer from UPS. Rather, counsel for the parties are engaged in correspondence related to the position.

4

## COUNT I—RACE DISCRIMINATION
### Under 42 U.S.C § 2000e, et seq.,
### 42 U.S.C. § 1981, and
### Tennessee Human Rights Act
### Against Defendant UPS

17. Plaintiff re-alleges and incorporates by reference paragraphs 8-16 above with the same force and effect as if fully set out in specific detail herein.

18. Plaintiff is an African-American male.

19. On or around June 28, 2021, Plaintiff settled his prior lawsuit against Defendants, which consisted of race, age, and disability discrimination and retaliation claims. *See Cameron v. UPS, et al.*, Civil Action No. 1:18-cv-00310-TRM-SKL.

20. Shortly after, Plaintiff was made aware (though not by Defendants) that there was an available full-time Car Wash position. This position was a job that Plaintiff could perform the essential functions of with or without a reasonable accommodation.

21. Defendant UPS did not offer Plaintiff the position, despite it being an available full-time Car Wash position. Instead, UPS, with the assistance and cooperation of Local 519, offered the position to less qualified individuals outside of Plaintiff's protected classes or who had not engaged in protected activity.

22. Defendant, through the conduct of its agents, has violated Plaintiff's rights under Title VII, 42 U.S.C. § 1981, and the Tennessee Human Rights Act.

23. As a result of Defendant's actions, Plaintiff has suffered harm, including but not limited to, loss of employment opportunities, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including stress, humiliation, embarrassment, inconvenience, mental anguish and suffering, and loss of enjoyment of life.

## COUNT II—AGE DISCRIMINATION
### Pursuant to Age Discrimination in Employment Act,

**29 U.S.C. § 621, et seq. and
Tennessee Human Rights Act
Against Defendant UPS**

24. Plaintiff re-alleges and incorporates by reference paragraphs 8-16 above with the same force and effect as if fully set out in specific detail herein.

25. Plaintiff is an individual over the age of forty (40).

26. On or around June 28, 2021, Plaintiff settled his prior lawsuit against Defendants, which consisted of race, age, and disability discrimination and retaliation claims. *See Cameron v. UPS, et al.*, Civil Action No. 1:18-cv-00310-TRM-SKL.

27. Shortly after, Plaintiff was made aware (though not by Defendants) that there was an available full-time Car Wash position. This position was a job that Plaintiff could perform the essential functions of with or without a reasonable accommodation.

28. Defendant UPS did not offer Plaintiff the position, despite it being a full-time Car Wash position as contemplated in the settlement agreement. Instead, UPS, with the assistance and cooperation of Local 519, offered the position to less qualified, younger individuals or individuals who had not engaged in protected activity.

29. Defendant, through the conduct of its agents, has violated Plaintiff's rights under the ADEA and the Tennessee Human Rights Act.

30. As a result of Defendant's actions, Plaintiff has suffered harm, including but not limited to, loss of employment opportunities, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including stress, humiliation, embarrassment, inconvenience, mental anguish and suffering, and loss of enjoyment of life.

**COUNTS III-VII—RETALIATION**
**Count III—Title I of the Americans with Disabilities Act**
**Count IV—Title VII**
**Count V--42 U.S.C. § 1981**
**Count VI—ADEA**
**Count VII—Tennessee Human Rights Act**
**Against Defendant UPS**

31. Plaintiff re-alleges and incorporates by reference paragraphs 8-16 above with the same force and effect as if fully set out in specific detail herein.

32. Plaintiff is an African-American male.

33. Plaintiff is a qualified individual with a disability as defined by the ADA.

34. More specifically, Plaintiff is an individual with a disability who, with or without a reasonable accommodation, is capable of performing the essential functions of car wash positions at UPS.

35. On or around April 12, 2019, Plaintiff engaged in protected activity by filing a lawsuit alleging race, age, and disability discrimination and retaliation claims. *See Cameron v. UPS, et al.*, Civil Action No. 1:18-cv-00310-TRM-SKL.

36. On or around June 28, 2021, the prior lawsuit was settled. *See id.*

37. Since then, Plaintiff has remained ready, willing, and able to work. Shortly after the lawsuit was settled, Plaintiff was made aware (though not by Defendants) that there was an available full-time Car Wash position. This position was a job that Plaintiff could perform the essential functions of with or without a reasonable accommodation. Moreover, this was a position that Defendant UPS agreed to offer Plaintiff as a part of the settlement agreement.

38. However, Defendant UPS did not offer Plaintiff the position, despite it being an available full-time Car Wash position. Upon information and belief, other full-time Car Wash positions became available over the next twenty-two (22) months, but no offers were made to

7

Case 1:23-cv-00103-TAV-SKL   Document 1   Filed 04/27/23   Page 7 of 12   PageID #: 7

Plaintiff. Instead, UPS, with the assistance and cooperation of Local 519, offered positions to less qualified, younger individuals, outside of Plaintiff's protected class who did not engage in protected activity.

39. Defendant, through the conduct of its agents, has violated Plaintiff's rights under the ADA, Title VII, 42 U.S.C. § 1981, and the Tennessee Human Rights Act.

40. As a result of Defendant's actions, Plaintiff has suffered harm, including but not limited to, loss of employment opportunities, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including stress, humiliation, embarrassment, inconvenience, mental anguish and suffering, and loss of enjoyment of life.

## COUNT VIII—RETALIATION
**Pursuant to 42 U.S.C. § 1981**
**Against Defendant Local 519**

41. Plaintiff re-alleges and incorporates by reference paragraphs 8-16 above with the same force and effect as if fully set out in specific detail herein.

42. Plaintiff is an African-American male.

43. On or around April 12, 2019, Plaintiff engaged in protected activity by filing a lawsuit alleging race, age, and disability discrimination and retaliation claims. *See Cameron v. UPS, et al.*, Civil Action No. 1:18-cv-00310-TRM-SKL.

44. On or around June 28, 2021, the prior lawsuit was settled. *See id.*

45. Since then, Plaintiff has remained ready, willing, and able to work. Shortly after the lawsuit was settled, Plaintiff was made aware (though not by Defendants) that there was an available full-time Car Wash position, which was a position that Defendant UPS agreed to offer Plaintiff as a part of the settlement agreement.

46. However, Defendant UPS did not offer Plaintiff the position, despite it being an available full-time Car Wash position. Upon information and belief, other full-time Car Wash positions became available over the next twenty-two (22) months, but no offers were made to Plaintiff. Instead, UPS, with the assistance and cooperation of Local 519, offered positions to less qualified, younger individuals, outside of Plaintiff's protected class who did not engage in protected activity.

47. Additionally, Local 519 was not only aware that Plaintiff was supposed to be offered the position, but it was also a party to the settlement agreement wherein it was stated that Plaintiff was to be offered "the first available full-time Car Wash position at the Chattanooga facility as an accommodation."

48. As such, on or around August 31, 2022, Plaintiff filed a grievance with Local 519, explaining that he has not been called to return to work since June 28, 2021, despite being able to do so. However, after receiving Plaintiff's grievance, Local 519 failed to process it and take any action on it. Such inaction is in direct violation of the Collective Bargaining Agreement between UPS and Local 519 and is retaliation because Plaintiff had engaged in protected activity by complaining about race discrimination.

49. Upon information and belief, Local 519 processed and took action on grievances filed by Union members who did not previously complain about race discrimination.

50. Defendant, through the conduct of its agents, has violated Plaintiff's rights under 42 U.S.C. § 1981.

51. As a result of Defendant's actions, Plaintiff has suffered harm, including but not limited to, loss of employment opportunities, compensation and other benefits and conditions of

employment. Additionally, Plaintiff has suffered injury including stress, humiliation, embarrassment, inconvenience, mental anguish and suffering, and loss of enjoyment of life.

## COUNT IX—BREACH OF CONTRACT
### Pursuant to TN Code § 47-50-109 (2021)
### Against All Defendants

52. Plaintiff re-alleges and incorporates by reference paragraphs 8-16 above with the same force and effect as if fully set out in specific detail herein.

53. Effective as of June 28, 2021, Plaintiff and Defendants entered into a settlement agreement, which was a valid and binding contract supported by mutual consideration.

54. Plaintiff at all times performed and met his obligations under the agreement.

55. Defendants materially breached the agreement by failing to offer Plaintiff the first full-time Car Wash position made available.

56. Defendants, through the conduct of their agents, have violated Plaintiff's rights under Tennessee Code § 47-50-109.

57. As a result of Defendants' actions, Plaintiff has suffered harm, including but not limited to, not being placed back to work despite being ready, willing, and able to do so.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court will assume jurisdiction of this action and, after trial, provide relief as follows:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the discrimination and retaliation by Defendants are violative of the rights of Plaintiff as secured by, where applicable, Title VII, 42 U.S.C. § 1981, the ADA, the ADEA, and the THRA.

2. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendants' request from continuing to violate Title VII, 42 U.S.C. § 1981, the ADA, the ADEA, and the THRA.

3. Issue an Order requiring Defendants to make the Plaintiff whole by awarding compensatory damages.

4. Awarding punitive damages against each defendant as allowed by law.

5. Awarding contractual damages as allowed by law.

6. An award of litigation costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988 and other applicable statutes.

7. Such other and further relief that the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**
**ON ALL ISSUES TRIABLE BY A JURY**

Respectfully submitted,

/s/Nicki L. Lawsen
Samuel Fisher (pending PHV)
Sidney M. Jackson (pending PHV)
Nicki Lawsen (pending PHV)
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
sf@wigginschilds.com
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

/s/ Daniel Arciniegas
Daniel Arciniegas
ARCINIEGAS LAW
1242 Old Hillsboro Road
Franklin, Tennessee 37069

(629) 777-5339
daniel@attorneydaniel.com

**Notice of Lawsuit and Request for Waiver of Service to Be Sent by Certified Mail to the Following:**

**United Parcel Service**
Legal Department
55 Glenlake Parkway Ave. NE
Atlanta, Georgia 30328

**Teamsters Local Union 519**
2306 Montclair Ave
Knoxville, Tennessee 37917